J. S61012/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EDWARD WALLS, | : | No. 2001 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, December 11, 2013
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0008331-1996

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED NOVEMBER 10, 2014**

Edward Walls appeals from the order of December 11, 2013, dismissing his serial PCRA[1] petition.  We affirm.

On March 6, 1997, following a jury trial, appellant was found guilty of one count of criminal homicide, two counts of criminal attempt, two counts of aggravated assault, two counts of criminal conspiracy, one count of receiving stolen property, and one count of violating the Uniform Firearms Act.  The charges related to a May 25, 1996 drive-by shooting in which the victim, Torie Jones, sustained a fatal gunshot wound to the head.  Appellant, who was 15 years old at the time of the incident, was sentenced to the

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

mandatory term of life imprisonment without the possibility of parole on the criminal homicide charge, and an aggregate of 10 years, 9 months to 45 years' imprisonment on the remaining counts.

On August 11, 1999, this court affirmed the judgment of sentence. ***Commonwealth v. Walls***, 1121 Pittsburgh 1997, unpublished memorandum (Pa.Super. filed August 11, 1999). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Appellant filed two PCRA petitions which were dismissed. The instant petition, his third, was filed on July 5, 2012. In his petition, appellant alleged that the after-recognized constitutional right exception to the PCRA's one-year statutory time-bar applied, invoking the United States Supreme Court's June 2012 decision in ***Miller v. Alabama***, ___ U.S. ___, 132 S.Ct. 2455, 2469 (2012) (holding that mandatory life-without-parole sentences, as applied to those under age 18, offend the Eighth Amendment's prohibition against cruel and unusual punishment by preventing sentencing authorities from considering juveniles' "diminished culpability and heightened capacity for change").

Counsel was appointed, and he filed a motion for stay pending the outcome of our supreme court's decision in ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013), ***cert. denied***, ___ U.S. ___, 134 S.Ct. 2724 (U.S.Pa. Jun. 09, 2014). The motion for stay was granted. On October 30, 2013, ***Cunningham*** was handed down, wherein our supreme

court determined that *Miller* did <u>not</u> apply retroactively to cases on collateral appeal. On December 11, 2013, following appropriate Rule 907[2] notice, appellant's petition was dismissed. This timely appeal followed. Appellant complied with Pa.R.A.P. 1925(b), and the PCRA court filed an opinion.

Appellant has raised the following issues for this court's review:

> I. Whether the United States Supreme Court decision in *Miller v. Alabama* applies retroactively on collateral review under either federal law or broader principles of retroactivity under state law[?] And, whether the appellant's PCRA petition raising these claims therefore was timely under the [PCRA][?]
>
> II. Whether a mandatory juvenile sentence of life without parole violates Article 1, §§ 1, 9 and 13 of the Pennsylvania Constitution and the Eighth and Fourteenth Amendments to the United States Constitution, where two classes of prisoners sentenced to life without parole are treated differently and where their respective sentences are disproportionate[?]

Appellant's brief at 4.

> "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Albrecht*, 606 Pa. 64, 994 A.2d 1091, 1093 (2010) (quoting *Commonwealth v. Chester*, 586 Pa. 468, 895 A.2d 520, 522 (2006)). Statutory time limitations "are mandatory and interpreted literally; thus, a court has

---

[2] Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A.

no authority to extend filing periods except as the statute permits." [**Commonwealth v.**] **Fahy**, 737 A.2d [214] at 222 [Pa. 1999].

**Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa.Super. 2014).

In **Commonwealth v. Jackson**, we articulated the timeliness standards under the PCRA as follows:

> The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. When an action is cognizable under the PCRA, the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]" 42 Pa.C.S.A. § 9542.

> In order for a court to entertain a PCRA petition, a petitioner must comply with the PCRA filing deadline. **See Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157, 1161 (2003). The time for filing a petition is set forth in 42 Pa.C.S.A. § 9545(b), which provides in relevant part:

> **(b) Time for filing petition.--**

> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> > > (i) the failure to raise the claim previously was

the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

\* \* \*

42 Pa.C.S.A. § 9545(b).

"[T]he time limitations pursuant to . . . the PCRA are jurisdictional." [**Fahy**, 737 A.2d at 222]. "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." **Id.** "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania

> courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa.Super.2008).

> ***Commonwealth v. Jackson***, 30 A.3d 516, 518-19 (Pa.Super.2011).

***Id.*** at 242.

Appellant's judgment of sentence became final on September 10, 1999, thirty days after this court affirmed the judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. ***Commonwealth v. Rojas***, 874 A.2d 638, 643-644 (Pa.Super. 2005); Pa.R.A.P. 1113(a). Thus, the instant petition, filed July 5, 2012, is facially untimely.

Appellant attempted to invoke the after-recognized constitutional right exception to the PCRA's time-bar under Subsection 9545(b)(1)(iii), predicated upon the United States Supreme Court's decision in ***Miller***. However, in ***Cunningham***, our supreme court held that the constitutional right announced by the court in ***Miller*** does not apply retroactively to prisoners, such as appellant, whose judgments of sentence were already final at the time of the ***Miller*** decision. Therefore, appellant cannot rely on ***Miller*** or subsection 9545(b)(1)(iii) to establish jurisdiction over his untimely PCRA petition. ***Seskey***, 86 A.3d at 243.

Appellant argues that ***Cunningham*** was wrongly decided and that ***Miller*** is retroactive on its face. (Appellant's brief at 17.) Appellant sets

forth other jurisdictions which have found *Miller* to apply retroactively on collateral review. (*Id.* at 15-16.) However, appellant acknowledges that the United States Supreme Court recently denied *certiorari* in *Cunningham*, and we are bound by our supreme court's decision. *Commonwealth v. Shaffer*, 734 A.2d 840, 844 n.6 (Pa. 1999) (reminding the Pennsylvania Superior Court of its duty and obligation to follow the decisional law of the Pennsylvania Supreme Court).

Appellant also argues for a broader retroactivity analysis under Pennsylvania law, claiming that the non-retroactive application of *Miller* creates two classes of juvenile offenders in Pennsylvania who are treated differently based solely on when their convictions became final. (Appellant's brief at 24.) Appellant contends that his mandatory sentence of life imprisonment without parole is unconstitutional because the creation of two classes of juvenile offenders, one eligible for relief under *Miller* and one ineligible, based solely and arbitrarily on when their convictions became final, violates the Pennsylvania Constitution's guarantees of due process and equal protection. (*Id.* at 32.) Appellant also argues that his sentence constitutes cruel punishment under Article 1, § 13 of the Pennsylvania Constitution. (*Id.* at 27.) This court addressed similar claims in *Seskey*, *supra*:

> Throughout his brief, Appellant attempts to circumvent the effect that *Cunningham* has upon our jurisdiction by arguing, *inter alia*: that he is entitled to relief under Article 1, § 13 of the

> Pennsylvania Constitution ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."), independently of the Eighth Amendment []; that *Miller* should be applied retroactively based upon Pennsylvania's broader retroactivity principles []; and that the inequitable result that *Miller* created violates Pennsylvania's due process and equal protection principles []. While these arguments someday may require consideration by our courts, today cannot be that day. Before a court may address Appellant's arguments, or similar contentions, that court must have jurisdiction. We cannot manufacture jurisdiction based upon the substantive claims raised by the parties. Presently, we are confined by the express terms of subsection 9545(b)(1)(iii) and our Supreme Court's decision in *Cunningham*. Combined, those two elements require us to conclude that we lack jurisdiction. No substantive claim can overcome this conclusion.

*Seskey*, 86 A.3d at 243 (citations to the appellant's brief omitted). *See also Commonwealth v. Breakiron*, 781 A.2d 94, 100-101 (Pa. 2001), citing *Commonwealth v. Murray*, 753 A.2d 201, 202 (Pa. 2000) ("[T]he nature of the constitutional violation alleged in a PCRA petition has no bearing on the applicability of the PCRA's timeliness requirements."). Even claims of a constitutional dimension are subject to the PCRA's timeliness requirements. *Breakiron*; *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa.Super. 2001) (no alternative basis for relief outside the framework of the PCRA) (citations omitted).

For these reasons, the PCRA court lacked jurisdiction to consider appellant's substantive claims as his third PCRA petition was untimely, with no applicable exceptions.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2014